IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO


United States of America,
  (Respondent)

v

Civil Action No.: _____

Criminal No. 15-462 (JAG)

Josue Vazquez-Carrasquillo,
  (Petitioner/ Defendant)


MOTION FOR MODIFICATION OF SENTENCE
PURSUANT TO 18 USC 3582(c)(2)
IN LIGHT OF NEW CASE(S) LAW, REGARDING
VIOLATIONS OF 18 USC SECTIONS 1962(d) AND 1963 (CHANGE)
ALLEGING RICO VIOLATIONS OR RICO CONSPIRACIES
PERTAINING TO THE LANGUAGE AND DETERMINATION
OF WHAT QUALIFIES AS "COVERED OFFENSES"
AND AFFECTS PETITIONER'S CASE DIRECTLY

COMES NOW, Josue Vazquez-Carrasquillo, acting pro se, (hereinafter known as "Petitioner" or "Mr. Carrasquillo"), in the above-captioned matter, and hereby respectfully requests that this Honorable Court, pursuant to 18 USC 3582(c)(2) reduce the sentence of Mr. Carrasquillo to the now appropriate guideline sentence of (151 months-or-less) based on new case laws cited herein this motion that are in favor of Petitioner for such relief sought as a matter of law. As for the reasons thereof, Mr. Carrasquillo states the following:

1

## BACKGROUND

On or around September 2016;

Petitioner agrees to plead guilty to Count One of the Indictment:

Count One charges conspiring to violate 18 U.S.C. § 1962(c), namely, that beginning on date unknown, but no later than in or about the year 2007, and continuing up to and until the year 2015, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, JOSUE VAZQUEZ-CARRASQUILLO, and other persons, being persons employed by and associated with the enterprise, La Rompe ONU, which engaged in , and the activities of which affected, interstate, and foreign commerce, knowingly and intentionally conspired to violate 18 U.S.C. § 1962(c), that is, to conduct and participate, directly, and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity consisting of multiple acts involving: (1) drug trafficking, including cocaine base (commonly referred to as "crack"), cocaine, heroin, marijuana, oxycodone (commonly known as Percocet), and alprazolam (commonly known as Xanax), in violation of the laws of the United States , that being, 21 U.S.C. § § 841 and 846; (2) interference with commerce by robbery, in violation of the laws of the United States, that being, 18 U.S.C.§ 1951; (3) robbery, chargeable under Articles 35 (attempt), 198 (general robbery statute) and 249 (conspiracy) of the 2004 Puerto Rico Penal Code and Articles 35 (attempt), 189 (general robbery statute) and 244 (conspiracy) of the 2012 Puerto Rico Penal Code; and (4) murder, chargeable under Articles 35 (attempt), 105 (general murder statue), 106 (first degree and second degree murder), and 249 (conspiracy) of the 2004 Puerto Rico Penal Code and Articles 35 (attempt), 92 (general murder statute), 93 (first degree and second degree murder) and 244 (conspiracy) of the 2012 Puerto Rico Penal. NOTE: All in violation of 18 U.S.C. § 1962(d).

## II PRELIMINARY STATEMENT

Petitioner files this timely motion in light of new ruling in (U.S. v Walker) No. 95-CR-101 (N.D.N.Y. OCT 25, 2019); and also in (U.S. v. Maupin) No. 19-6817; both cases are in line to Petitioner's case at bar. (And Alike) Although these cases (and many other's) are being argued in the application of Section 404 of the First Step Act of 2018; Petitioner has decided to make his petition to the Court by filing pursuant to 18 U.S.C. 3582(C)(2) where the rule states and provides in relevant part;

2

The Court may not modify a terms of imprisonment once it has been imposed except that, in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 USC 994(Q), upon motion of the defendant. the Court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(A) to the extent that they are applicable if such a reduction is is consistent with applicable policy statements issued by the Sentencing Commission.

Petitioner's argument(s) and gounds is focused on First Impressions provided by the Govt back at (and during) Petitioner's initial sentence proceedings (and Plea), that dramatically affected negatively, now in light of new case laws; Petitioner should not have been considered nor enhanced, and such new case laws have reversed course concerning what the Court can determine to be a "covered offense" under the "statute of conviction". (as well as multiple new congressional laws pursuant the First Step Act of 2018; and Supreme Court decisions in (U.S. v. Davis) No. 18431.) (See Attachment #2)

Petitioner's 3582(C)(2) motion is not in any attempt to take back his plea to create any further exposure to other changes dismissed by the Govt in which the Govt created their RTCO plea concept. The issue herein is not to ask the Govt to create a way back when time machine of any sort. However, as a matter of law; when new laws or decisions come down in favor of a defendant that subsequently changes an individual's plea and the fundamental structural outcome; individuals are entitled to such relief. With that in mind, claims the Petitioner makes, is not whether or not defendant would have plead or not, it is that he plead (and now has a plea agreement in place that is need of legal modification based statute and language changes coupled with new Supreme Court precedent case at bar.

LEGAL STANDARDS:

Of great legal consequences, the predicates listed in Petitioner's plea agreement (under the stipulation of facts section), as a matter of changes in the language: and thus,

> 1) These acts by law must be removed as enhancements due to the change in the statute language involving 1962(d) and 1963;
> 2) These whole collection of other instances of conspiracies now has a remedy by Congressional Passed legislation, and Supreme Court ruling that eliminate a majority of what tied the Court's hands back at Petitioner initial sentencing;

3) Most of the crimes Petitioner plead to have now been modified to essentially change Petitioner's guideline range and statutory statues that some enhancements are considered unconstitutionally vague and cannot stand, or never proven, or considered would create a more favorable narrative for the Court to better consider.

Also, recently; In

United States v. Sainz, (Nos. 17-10310) (9th Cir. August 12, 2019)

Reversing the District Court's denial of a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and remanding for further proceedings, the panel held that a District Court may not sua sponte raise a defendant's waiver of the right to file a § 3582(c)(2) motion on that ground.

Additionally, See attachment #3, the case decided in the second Ciruit in (U.S. v Gonzalez) No. 15-3097-cr (2007); where the Court decided in favor of defendant where a convicted defendant is eligible for a sentence reduction if; he has been sentenced to a term of imprisonment based on a range (sentencing) that has been subsequently lowered (and alike).

## Statement of Facts
### ARGUMENT REGARDING WAIVER OF APPEAL:

Petitioner acknowledges that within his plea agreement that there was a waiver provision. However, now based on new case law(s);

Petitioner states now that he could not waive his rights if his plea was not knowing and voluntary. (Henderson v. Morgan), 426 637, 645, 645 & N.13, 98 S.CT. 2253 (1976). ( Guilty pleas must be knowing and voluntary). Courts have not decide that, "no part of a plea to waive (his) rights when signing a plea on incorrect information in general due process requires that criminal defendant's waiver of their rights be knowing and voluntary." (US v. Ready), 82 F.3d 551, 556 (2d Cir. 1996)(waiver of rights to appeal sentence). It must be noted: Accordingly courts <u>have not</u> enforced waivers where the defendant may have been <u>misled or mis-informed</u> by the Court or Counsel as to the nature of his rights. (U.S. v.Harrison, 241 F.3d 289, 292-94 (2d Cir. 2001). (US v. Andrades), 169 F.3d 131, 135-56 (2d Cir. 1999).

Accordingly , Petitioner cites New Supreme Court Ruling that clearly contradicts the District Court's decision that Petitioner waived his rights by signing and/or agreeing to do so during the sentencing process now decided in (U.S. v. Class).

4

As recently as February 21, 2018, Supreme Court decided in <u>favor</u> in the case (<u>Class v. United States</u>), 138 S.Ct. 798, 200 L.Ed.2d 37; 2018 US Lexis 1378; 86 U.S.L.W. 4055; 27 FLA.L.Weekly Fed.5.60 No. 16-424; that a valid guilty plea forgoes not only a fair trial, but also other accompanying constitutional guarantees. While those simultaneously relinquished rights include the privilege against compulsor self-incrimination, the jury trial right, and the right to confront accusers, they do not include a waiver of the privileges which exist beyond the confines of the trial.

## RULE II LEGAL STANDARD:

By its own terms, Fed.Rule.Crim.P.(a)(2) itself does not say whether it sets forth the exclusive procedure for a defendant to preserve a constitutional claim folowing a guilty plea. At the same time, the drafters' notes acknowledge that the United States Supreme Court has held that certain kinds of constitutional objections may be raised after a plea of guilty. The notes then specifically refer to the Menna-Blackledge doctrine. They add that the Rule should not be interpreted as either broadening or narrowing that doctrine or as establishing procedures for its application. And the notes state that Rule 11(a)(2) has no application to the kinds of constitutional objections that may be raised under that doctrine.

Furthering, the Court found that a guilty plea, by itself does not bar a federal criminal defendant from challenging the constitutionality of his statute of conviction on direct appeal or collateral proceedings.

This holding flows directly from this Court's prior decisions. Fifty years ago, in Haynes v.United States, the Court addressed a similar claim challenging the constitutionality of a criminal statute. Justice Harlan's opinion for the Court stated that the defendant's "plea of guilty did not, of course, waive his previous [constitutional] claim." 360 US 85, 87, n.2 88 S.Ct. 722, 19 L.Ed.2d 923, 1968-1 c.B. 615. That [200 L.Ed.2d 40] clear statement reflects an understanding of the nature of guilty pleas that stretches, in broad outline, nearly 150 years. Subsequent decisions have elaborated upon it. In Blackledge v. Perry, 417 US 21, 94 S.Ct. 2098, 40 L.Ed. 2d 628, the Court recognized that a guilty plea bars some"'anecdotal constitutional violations,'" related to events (such as grand jury proceedings) that "'occu[r] prior to the entry of the guilty plea.'" Id., at 30, 94 S.Ct. 2098, 40 L.ed.2d 628 (quoting Tollett v. Henderson), 411 US 258, 266-267, 93 S.Ct. 1602, 36 L.Ed.2d 235). However, where the claim implicates "the very power of the State" to prosecute the defendant, [138 S.Ct. 801] a guilty plea cannot by itself bar it.

417 U.S. at 30, 94 S.Ct. 2098, 40 L.Ed.3d 628.  Likewise, in Menna v. New York, 423 US 61, 96 S.Ct. 241, 46 L.Ed.2d 195, the Court held that because the Defendant's claim was that "the State may not convict [2018 US LEXIS 3] [him] no matter how validly his factual guilt is established," his guilty plea, therefore, [did] not bar the claim." Id at 63, n.2d, 96 S.Ct. 241, 46 L.Ed.2d 19. In more recent years, the Court has reaffirmed the Menna-Blackledge doctrine's basic teaching that:

> "' a plea of guilty to a charge does not
> waive a claim that -- judged on its face --
> the charge is one which the State
> may not constitutionally prosecute.'"

United States v. Broce, 488 US 563, 575 109 S.Ct. 757, 102 L.Ed. 2d 927 (quoting Menna, supra at 63. n.2 S.Ct. 241, 46 LEd.2d 19) Pp. \_\_\_\_-\_\_\_\_, at 42-44.

In this case the Government and Petitioner agreed on a Plea Agreement. As in (Class v. U.S.), the Government may contend that by entering a guilty plea and the Court (collequy) explains the waiver conditions on which Petitioner inherently relinquished his constitutional claims in similar circumstances such as Petitioner's as in (Class). However;

The Supreme Court's most recent ruling in (Class v. U.S) puts to rest any claims made by the Government or Courts that Petitioner waived his rights to appeal per his plea agreement and sentencing colloquy. Any decision is in fact harmful plain error and a violation of Petitioner's Constitutional Rights.

## IV. ARGUMENT(S)/GROUNDS

Petitoner's case at bar has been affected tremendously with new changes to statute languages and Supreme Court rulings in favor of Petitioner's motion 6th Amendment substantive rights; Petitioner clearly will show that he had been given misadvice of legal counsel, and such misadvice led to harmful errors made by counsel or those failures allowed the Court to adopt the PRS Report, that had incomplete and incorrect information; and such allowing Petitioner to be exposed illegally to a Guideline Range and increased sentence unnecessarily.

The Supreme Court recently ruled that a "covered offense", is determined by the "Statute of Conviction", and not "Actual Conduct" or "relevant conduct". In (U.S. v. Walker) No. 95-Cr-101 (N.D.N.Y) Oct. 25, 2019; the Court using extremely informative and instructive resulting in multiple resentencings to (151 months or less) of individuals sentenced harshly and needlessly at the time of sentencing that now needs correcting.

Accordingly, the Government offices across the Country conceded that a covered offense in violation of 18 U.S.C. sections 1962 (d) and 1963 alleging RICO violations or RICO violations or RICO conspiracies is (A); the plain statutory languages and the Supreme Court precedent makes clear that a covered offense is determined by the statute of conviction, not actual conduct or relevant conduct.((see U.S. v. Maupin) No. 19-6817 and 4th Circuit decisions on appeal in favor of Maupin)). (1) Again; of great legal consequence is the fact that, similar to cases cited above, Petitioner was sentenced (by way of a plea); and unfairly pursuant to a RICO case of many charges never proven to have committed.

Petitioner's sentence should be vacated
or reduced based on recent case law(s)

Petitioner will argue herein this motion, what the Supreme Court clearly determined to be illegal to use (wherein a RICO case in violations of 18 U.S.C. Section 1962(d) and (963) as a qualifier for covered offenses; specifically speaking that covered offenses is clearly a statute of conviction violation and thus, the Govt cannot use claims of supposed violations proffered of an individuals -

---

Footnote (1): Attachment of the Maupin case (Opinion), see Attachment #1

supposed or alleged conduct (actual) or relevant conduct as enhancements to create a harsher sentence.

Furthering, Petitioner cites (herein this section) factual basis of straight forward and detailed inquiry (and 5th Amendment violates against Petitioner) that clumsily occured at the on-set of Petitioner's RICO case. Accordingly, Petitioner is not attempting to relitigate prior claims proffered in prior filings. In fact, Petitioner will ostensibly layout the statement of facts that led to an illegal sentence of First Impressions that now based on an abundance of changes in the law (by way of Congress); and recent higher Court decisions that fall in favor of Petitioner's claims for relief and his sentence cannot stand; in light of those such modifications cited in the preliminary and argument sections of this brief.

A) : The Court errored by not correctly establishing a base offense level.

The record shows that, within Petitioner's plea agreement the the Gov't does not stipulate how they came up with a level (43) and Category VI criminal history Guidelines in which; the Court adopted by way of a faulty PSR Report. The Court incorrectly started Petitioner's Guileline Range at a higher point then, the statue actually carries of 20 years to life Guideline level. Accordingly, upon correcting this plain (harmful) error by the Court; now based on (U.S. v. Walker) and (U.S. v. Maupin), where the Court determined that an individual can only (solely) be sentence under the statue of the covered offense; thus the Court decided that actual conduct nor relevant conduct should not be (cannot be) considered in Petitioner's "stipulation of facts" (within the plea agreement and PSR Report) must be removed; as statutory correction of the record and by law. (see U.S. v. Hawkins) et.Al., (No.17-11560)(11th Cir 2019).

The Supreme Court's decisions thus effectively changing the statute language to which, also Petitioner plead to means Petitioner's; Guideline Range should have started (not at level 43) at level 37 (210-262 months) for which is in line with 20 years or 240 months at Category 1. The following is what the Court now must use such as:

    Base level: 37
    Acceptance   3
    Total Base   ___
        Level   34 (151-188 months)

The Court's adaptation of a higher zone level of (43) and Category VI cannot stand based on new laws not available to argue at the time of sentencing. Period!

8

B)
: The Court Adopted An Incorrect PSR Report For Sentencing.

In addition, recently in the 8th Circuit in (U.S. v. Sterling) No. 18-2974 (Nov 1, 2019), the Court decided that it is the Govt's burden to prove the quantity of drugs for which defendants is responsible for by preponderance of evidence - (including in a Plea proceedings). The Court correctly concluded that, because the information contained in the PSR did not have "sufficent indicia of reliability to support its probable accuracy.... the eighth circuit held that, the District Court clearly erred in relying on the Probation Officer's unsupported opinion and Group of supposed activities of a conspiracy."

Petitioner's plea agreement clearly states on Page #3 that Pursuant to Rule 11 (c)(1)(c) warnings, the parties do not stipulate any criminal history Category for Defendant. Furthering, the parties agree to recommend a sentence of 288 months regardless of Defendant's criminal history Category.

This stipulation clearly was concluded based on what the Gov't previously determined to fall under actual or relevant conduct provision. Wherefore; NOW Pursuant to higher Court rulings cited previously in (Walker, Maupin, and other recent cases); the Court adoption of the PSR Report is in fact a plain (harmful) error and must now be corrected as a matter of law.

C)
The Court Must Consider The 3553(A) Factor At Resentencing.

A reduced sentence would be "suffcient" to fulfull the goals of sentencing, Pursuant to 3553(A) considerations. Again, due to ineffective asst. of counsel, the Court was never fully able to review the factors at sentencing and thus required to do so now in light of the most favorable rulings, upon a filing by Petitioner.

The First question is that of eligibility and, as explained above, Petitioner eligible for relief. The question remains whether, considering the factors present in 18 U.S.C. §3553(a), the sentence should be reduced.

Mr. Carrasquillo's post-sentencing conduct is relevant to the Court's decision. "Evidence of post-sentencing rehablitation may be highly relevant to several of §3553 (a) factors that Congress has expressly instructed District Courts to consider at sentencing." United States v. Pepper, 562 U.S. 476, 491 (2011). It may "be pertinent to 'the need for the sentence imposed' to serve the general purposes of sentencing set forth in §3553(a)(2) - in particular, to 'afford adequate deterrence to criminal conduct,' ...Id. "Post-sentencing rehabilitation may also critically inform a sentencing

-Judge's over-arching duty under §3553(a)(2)." Courts have routinely considered since evidence in the context of the First Step Act resentencing. See, e.g. United States v. Rose, 379 F.Supp.3d at 233 (recognizing that "the most recent evidence of the defendant's life and characteristics ... may be the most probative information available, when deciding whether a defendant should continue to be incarcerated or, in some case, be immediately released"); United States v. Hadley 289 F.Supp.3d 1043, 1049 (M.D. Fla. 2019) (finding that the defendant's efforts to obtain a GED and course work and "efforts to better himself" supported the Court's decision to impose a below-guideline sentence"); and United States v. Mitchell No. 05-00100, 2019 WL 2647571, *8 (D.D.C. June 27, 2019) (relying, in part, upon the defendant's absence of disciplinary infractions to impose a sentence of 151 months at worse.

Accordingly, in recent case (U.S. v. Brown), No. 4:05-cr-00227-1 2019 WL 4942051, (S.D. Iowa Oct 8, 2019), that should be considered in Petitoner's case the Court, states:

After consideration of all the factors set forth in 18 U.S.C. § 3553(a)(2)(A) ("the need for the sentence imposed... to reflect the seriousness of the offense to promote respect for the law, and to provide just punishment for the offense") and § 3553(a)(6) ("the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"), as well as applicable Sentencing Commission policy statements, the Court finds extraordinary and compelling reasons for a reduction of Defendant's sentence pursuant to 18 U.S. § 3582(c)(1)(A)(i). The Court further concludes that the Defendant has demonstrated that he poses no current danger to the safety of any other person or to the community. Accordingly, the Defendant's sentences on Counts 111 and V of the Indictment will be reduced to 60 months each, consecutive.

Petitioner stellar record while incarcerated speaks to the complete rehabilitation that warrants for a sentence reduction downward below the 151 months suggested Guideline Range at worse.

Further, of legal consequence; the vast majority of lower Courts have held that Section 3553(a)(6) is aimed at eliminating national sentencing disparities among co-defendants. United State v. Quinn, 356 F.3d 666, 682 (4th Cir. 2004); United State v. Withers; 100 F.3d at 1149, the Fourth Circuit explicitly stated:

To base a defendant's sentence on a co-conspirator's sentence is a short-sighted approach which ignores the Guideline's attempt to eliminate unwarranted uniformity is not aimed only at the particular criminal conduct that co-conspirators like acceptance of responsibility and assistance to the government. ID. at 1149.

In a recent Second Cirucuit case of United States v. Jenkins, 854 F.3d 181 (2d Cir. 2017), the appeals Court reversed a within-guidelines sentence as a substantively unreasonable sentence where the District Court neglected to consult readily-available sentencing statistics from the US Sentencing Commission. In Jenkins, the Second Circuit held that the sentence that the District Court imposed, based on the irrationality of Section 2G2.2, created the type of unwarranted sentence disparity that violates Section 3553(a)(6). The Court found that the Commission's statistics were readily available to the District Court at the time of sentencing to allow for a meaningful comparison of the defendant's conduct in Jenkins with that of similarly-situated defendants nationwide.

D)        Petitioner's Sentence Disparity Must Be Corrected

In the instant case, Petitionr's counsel should have submitted, and further should have argued that from the content of a national sentencing disparity report compiled by the US Sentencing Commission Petitioner's counsel should have highlighted defendants who were similarly-situated to the Petitioner.

Impactfully, although Petitioner will not directly argue Ineffective Asst. of Counsel claims in this motion; Petitioner would like to bring 2019, U.S. App Lexis 35706 (Nov. 29, 2019); a similar finding that Petitioner states as a legal fact found in what the District Court expressed when considering the Ineffectiveness when lawyer's cut deals for their clients, when the Court assumes the deal cut was a good one to avoid a lenghty sentence. The Court determined that; "A significant variance from an arguably high and inaccurate guideline sentence is not a gift" at all; (see Attacchment

- 3rd Cir issues remarkable ineffective - Asst. Decision), and must be corrected immediately.

### I. NO "UNWARANTED DISPARITY" WHEN UTILIZING THE "NATIONAL DATA BASE"; WHEN SENTENCING A DEFENDANT WITH SIMILAR CONDUCT; WHILE CORRECTING THE PLAIN (HARMFUL) ERROR COMMITTED IN PETITIONER"S PSR CONCERNING THE CRIMINAL HISTORY CATORY CATEGORY (AND ALIKE)

It must not be understated, when imposing a Federal sentence (or re-sentence) disparities; District Courts must also consider "the need to avoid unwarrented sentence disparities among defendants who have been found guilty of similar conduct." (18 USC §3553(A)(6). (See Kimbrough v. U.S.), 261 F.3d 348, 2001 Appx. LEXIS 18480 (3rd Cir. 2001).

It must not be understated, when imposing a Federal sentence (or resentence) disparities; District Courts must also consider "the need to avoid unwarrented sentence disparities among defendants who have been found guilty of similar conduct." (18 USC

§3553(A)(6). (See <u>Kimbrough v. U.S.</u>), 261 F.3d 348, 2001 Appx. LEXIS 18480 (3d Cir. 2001).

Of great importance; a review of the discrepancies that arose (at sentencing and/or resentencing) when the sentencing court did not look at the actual participants in the crime (because others had not been sentenced yet) in determining role reduction, regardless if co-defendants not having similar record, applies to Petitioner in comparison to other co-defendants, where in summary is as such:

Some Courts "<u>assessed</u>" a defendant against a hypothetical average participant. See, e.g. <u>U.S. v. Teeter,</u> 257 F.3d 14, 30-31 (1st Cir. 2001)(writing that a defendant must demonstrate that he is both less culpable than most other participants in his crime and also less culpable than the majority of those within the universe of persons participating in similar crimes). In the Ninth and Seventh Circuits, however, the "<u>relevant comparison</u>" was between the defendant and other actual participants in the same crime. See, U.S.S.G.App.C.Amend. 794; <u>U.S. v. Rojas-Millan</u>, 234 F.3d 464, 473 (9th Cir. 2000); <u>U.S. v. Davis,</u> 938 F.2d 744, 747 (7th Cir. 1991).

At sentencing; the Govt. made claims that Petitioner was somehow more culpable than the majority of other co-defendants. However, these claims are simply not consistent with those who were sentenced to the exact charges of this rico conspiracy. Therefore; Petitioner is entitled to a complete re-sentencing,

As the Court must also consider horizontal departures as well. Petitioner has been programming since his incarceration in _____. To this date of this filing he has programed more than 590 hours and taking classes such as;

- English class
- Articular & muscle systems
- Cell structure methab & repro
- Excercise physiology
- Venturini's classes
- Body shed wellness classes   (and alike to name a few)

(Note) See Attachment # 4 of Petitioner's latest Programming report;

Petitioner's 3553(A) Factor also should be reconsidered base on a newly reconstructed first impression now correctly presented to this Court.

12

## V. CONCLUSION

Congress intended for situations listed in Petitioner's 3582(C) filing to act as "safety valves for modification of sentences, that enable sentence reductions when justified by various factors that previously could have been addressed by the Court's (or now Parole Commission or the BOP.) This particular safety valve would assure the availability of specific review and reduction to a term of imprisonment not only to deal with extraordinary and compelling reasons but not allow the Courts to correctly respond to the changes in laws that affect changes in the guidelines of an individuals case. Congress felt it best to keep the procedures of resentencing in the powers solely of the Court. Where it belongs; rather then with a Federal Parole Board or at the AUSA office. Congress concluded by stating that, "Congress thus intended to give Federal sentencing Courts an equitable power that would be employed on an individualized basis to correct; fundamental unfair sentences; and there is no indication that Congress limited the safety valve of 3582(c) to just medical or elder releases alone."

Accordingly, Congress reiterated that rehabilitation could be considered with other changes in laws or Supreme Court decisions that affect an inmates guideline range; while also contemplating a persons compelling and extraordinary claims for relief.

Although, the Govt may argue that Petitioner is not entitled to a complete resentencing of his case; Petitioner cites the following cases (and ruling), in support of why he seeks a full resentencing hearing for his multiple claims by law for relief such as:

The recent Fifth Circuit ruling in United States v. Hegwood, (No. 19-40117) (5th Cir. August 8, 2019) addressing ricate question of whether, when Congress finally provided for complete retroactivity of the Fair Sentencing Act (FSA) in ction 404 of the FIRST STEP Act, it enabled a district court is to conduct a full resentencing or a more limited sentencing odification for eligible offenders. The Fifth Circuit panel in Hegwood affirmed an approach FSA retroactivity as involving only modest sentence modification proceeding rather than a complete resentencing. An earlier district court ruling United States v. yton, (No. 07-20498-1), 2019 WL 2775530, at *4 (E.D. Mich. July 2, 2019), goes the other way on this important and nsequential issue. Though predating Hegwood, Payton provides a useful overview and perspective that seemed worth rinting to create a counterpoint to Hegwood:

District courts across the country are wrestling with this issue. Many courts have ruled that the First Step Act, in njunction with § 3582(c)(1)(B), does not authorize a full resentencing; broadly applying Dillon, they have found that a court's hority under the First Step Act is as constrained as its limited authority under § 3582(c)(2). See Rose, 2019 WL 2314479, at (internal citations omitted). But a growing number of courts have found just the opposite that the First Step Act vests the urt with broad discretion to resentence defendants considering the § 3553(a) factors, including the case law and Guidelines ffect today.

(See also the decision in case under US v. Black)(6th Cir. 2019)

13

Simply put; based on new changes in the Rulings of the Supreme Court and the language change determined by the higher Court Petitioner should not (could not) have plead to predicate violations within the RICO Conspiracy; nor any relevant or actual conduct concerning the RICO Conspiracy as a whole (outside or inside of the enterprise RICO Conspiracy statue itself. Again; recently, the Gov't has conceded to this fact in mulitiple District's cases across the country, therefore; the Gov't cannot claim that such language change (determination) would not have any barren on Petitioner's case at bar. (see the conclusion section for what the correct Guidelines should have been or should be currently.).

Wherefore, Mr. Carrasquillo, (Petitioner) pro-se, is now eligible for such relief Pursuant to all claims proffered in this timely motion Pursuant to the language changes pertaining to narrow findings that, a defendant can only plea to the <u>statute of conviction (solely)</u>; and not any claims or stipulated (unproven) facts or adopted incorrect PSR Report findings outside of the statue charge. In this case, Petitioner plead to a violation of 18 U.S.C. § 1962 (d); which carries a 20years to life Guideline range. Period! Accordingly, Petitioner's Guideline Range must start at level 37 (and not level 43), because no one actually (including the Court) determined a correct and satisfactory base level or criminal history level; and thus violating Petitioner's 5th Amenment Rights to due process promised under the law. Petitioner is entitled to a complete re-sentencing (as cited already) as well as; a correction of Petitioner's supervise release ruling now based on the First Step Act of 2018.

Prayer For Relief

Petitioner, prays that this Honorable Court will <u>Grant</u> relief on this Petition Pursuant to section 3582(c) to include:

1) Vacation of both his conviction and sentence;
2) ORDER a complete re-sentencing downward from 288 months, to at worse 151 months; based on changes in the Language concerning statue of conviction restrictiong the Court from adding relevant and/or actual conduct stipulations or enhancements now considered;

---

Footnote (2): Petitioner's Guidelines Range should have started at Level (37) and not level "43"; then a (-3) reduction should have been applied for acceptance of responsibility, bringing Petitioner's Range downward to 34 Range of 151-months; at Category History Level I (not VI).

3) A Reduction of Supervised Release to no more than three (3) years and for any other Relief deemed necessary and appropriate in the Interest of Justice.

Dated: 5/7, 2020

Respectfully Submitted,

Josue Vazquez
Josue Vazquez-Carrasquillo,
pro se

Fed# 48909-069
LSCI Allenwood LOW
PO BOX 1000
White Deer PA 17887

## AFFIDAVIT

I hereby Certify that the foregoing facts are true and correct to the best of my knowledge and belief under penalty of perjury as per 28 USC §1746.

*[signature]*
Josue Vazquez-Carrasquillo,
pro se

---

## CERTIFICATE OF SERVICE

I Hereby Certify that a copy of the foregoing Petition/Motion was mailed on this __7__ day of __May__, 2020 by First Class US Mail, postage prepaid to:

Alberto R. Lopez-Rocafort
United States Attorney/Puerto Rico
Torre Chardon Suite 1201
350 Chardon Ave.
San Juan PR 00918

*[signature]*
Josue Vazquez-Carrasquillo,
pro se