# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>       Plaintiff,<br><br>v.<br><br>**[1] JOSUE VAZQUEZ-CARRASQUILLO,**<br>       Defendant. | **CRIMINAL NO. 15-462 (JAG)** |

## UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO DEFENDANT'S "MOTION TO REDUCE SENTENCE PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3582(c)(2)"

**TO THE HONORABLE COURT:**

**COMES NOW** the United States of America, through the undersigned attorneys, and very respectfully states and prays the following:

On May 12, 2020, the defendant, Josue Vazquez-Carrasquillo ("Defendant"), filed a motion to request a sentence modification based on the Title 18 U.S.C. § 3582(c)(2) and the First Step Act.[1] ECF No. 4157. In essence, Defendant alleges that his RICO conviction is a covered offense that makes his sentence eligible for reduction. The United States submits that defendant Defendant's conviction, pursuant to RICO Act, Title 18 U.S.C. § 1962 (d), is not eligible for relief based on either the First Step Act 2018 or Section 3582(c)(2). In light of the above, the United States submits that defendant's Motion To Reduce Sentence Pursuant to Title 18, United States Code, section 3582(c)(2) should be denied.

## PROCEDUAL BACKGROUND

On July 17, 2015, defendant, Josue Vázquez-Carrasquillo, was charged in a multi-count

---

[1] Although the defendant states that his request is not under FSA 2018, the government submits that his whole arguments are based on FSA 2018.

1

indictment. ECF No. 3. Count One charged that Defendant, with others, being persons employed by and associated with the enterprise, La Rompe ONU, which engaged in, and the activities of which affected, interstate, and foreign commerce, to conduct and participate, directly, and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering: drug trafficking, including cocaine base, cocaine, heroin, marijuana, oxycodone, and alprazolam, in violation of Title 21 U.S.C. §§ 841 and 846; interference with commerce by robbery, in violation of Title 18 U.S.C. § 1962 (d). *Id.* In addition, Count Two charged the defendant with conspiracy to possess with intent to distribute a controlled substance within a protected location in violation of Title 21 U.S.C. § 846 and 860; Count Three charged the defendant with using and carrying firearms during and in relation to a drug trafficking crime in violation of Title 18 U.S.C. § 924(c)(1)(A); Counts Six and Eight charged the defendant with drive by shooting in violation of Title 18 U.S.C. § 36 (b)(2)(A); and Counts Seven and Nine charged the defendant with the use and carry of firearms during and in relation to a crime of violence in violation of Title 18 U.S.C. §§ 924 (c)(1)(A) and 924 (j)(1). *Id.*

On September 27, 2016, Defendant pled guilty to Count One of the Indictment for the charges under the Racketeer Influenced and Corrupt Organizations Act (RICO). ECF No. 2377. The sentencing guidelines calculations set forth in Defendant's plea agreement started with a base offense level of 43, due to a First Degree Murder cross reference among other applicable guidelines. After a three level reduction for acceptance of responsibility, Defendant's total adjusted offense level resulted in 40, with a guideline sentencing range, under a criminal history category of III, of 365 months of imprisonment to life. As to sentencing, the parties agreed to recommend to the Court a sentence of 288 months of imprisonment regardless of Defendant's Criminal History Category, a sentence much lower than the guideline range for his total adjusted offense level. The

2

parties further agreed that counts Two, Three, Six, Seven, Eight and Nine would be dismissed at sentencing.

On February 22, 2017, Defendant was sentenced pursuant to the recommendation made by the parties in the plea agreement to 288 months of imprisonment for Count One. ECF No. 3029[2]

Defendant Josué Vazquez-Carrasquillo, a.k.a. "Mayito/Mayo/El Father" was the main leader of La Rompe ONU. ECF No. 2967, at 21. In or about the year 2007, upon the arrest of an unindicted co-conspirator, he became the main leader of La Rompe ONU. *Id*. He controlled, through co-defendants also acting as leaders, the drug distribution points located in the areas controlled by the enterprise. *Id*. As the main leader, he directly supervised the operations of the drug points, received the proceeds from the distribution of narcotics sold during the span of his leadership in the conspiracy and was in charge of maintaining control of all the drug distribution activities. *Id.* at 21-22. He had the final approving authority as to the discipline to be imposed upon members of the conspiracy, as well as its enemies and rivals. *Id.* at 22. At some point in the conspiracy, Defendant was the "owner" of the crack cocaine and heroin sold at the Jardines del Paraíso Public Housing Project drug points. *Id*. As the main leader, he would also receive payment or "rent" from other drug points, including but not limited to drug points located in Los Claveles, Villa Andalucía, and Nuestra Señora de Covadonga Public Housing Projects. *Id*. He would also often act as an enforcer and as a supplier within the conspiracy. *Id.* As an enforcer, he was involved in acts of violence, including murder. Specifically, Defendant was responsible the murder of fellow members of La Rompe ONU and members of rival drug trafficking organizations. ECF No. 2967, at 45-46.

---

[2] On February 23, 2017, defendant's judgment was amended to correct a clerical mistake. ECF No. 3032.

Defendant would also use and carry firearms during and in relation to the drug trafficking activities and would allow other members of the conspiracy to carry and use firearms during and in relation to the drug trafficking activities. *Id.*  As a supplier, he would supply narcotics and firearms, including but not limited to "high power" rifles, to other members of La Rompe ONU in order to further the goals of the conspiracy.  *Id*.

## APPLICABLE LAW

A district court generally may not modify a term of imprisonment once it has been imposed unless a defendant is eligible for a reduction under § 3582(c). *Dillon v. United States*, 560 U.S. 817 (2010). Section 3582(c)(2) allows for a reduction if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The applicable policy statements referenced in § 3582(c)(2) are those found in § 1B1.10 of the Sentencing Guidelines. *United States v. Zayas-Ortiz*, 808 F.3d 520, 524 (1st Cir. 2015). Pursuant to that provision, a sentence reduction under § 3582(c)(2) is authorized only when a Guidelines' amendment listed in subsection (d) has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B 1.10(a)(2)(B).

In August 2010, "President Obama signed into law the Fair Sentencing Act, which raised the crack-cocaine threshold quantities for triggering mandatory-minimum sentences." *United States v. Smith*, No. 19-1615, 2020 WL 1698797, at *1 (1st Cir. Apr. 8, 2020) (citing the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2). These modifications did not apply retroactively to defendants sentenced before August 2010.  *See Dorsey v. United States*, 567 U.S. 260, 264 (2012).

However, in December 2018 the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222, was passed. Section 404 of that Act offers certain persons convicted under 21 U.S.C. § 841 prior to enactment of the Fair Sentencing Act a chance to seek a retroactively reduced sentence. It states:

> (a) DEFINITION OF COVERED OFFENSE. -- In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by a section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED. -- A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

Section 404(c) of the First Step Act provides (among other things) that a court retains discretion to deny a reduction even where the Fair Sentencing Act modified the statutory penalties for the defendant's violation: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act, § 404(c).

The Courts of the United States are of limited jurisdiction. "They possess only that power authorized by Constitution and statute." See, *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)). In criminal cases, after the sentence becomes final, the district court also had no inherent authority to amend or modify the sentence. See *United States v. Hovsepian*, 307 F.3d 922, 927 (9th Cir. 2002); *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996).

District Courts lacked jurisdiction or authority to amend or modify the sentence under any statutory provision. A "court is authorized to modify a defendant's sentence only in specific instances where Congress has expressly granted the court's jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Therefore, once a district court imposes a term of imprisonment, it may modify that term only under the following circumstances: i) pursuant to a Court of Appeal's mandate under Title 28, United States Code, Section 2106; see *United States v. Derbes*, 369 F.3d 579, 583 (1st Cir. 2004); ii) authorized under Title 18, United States Code, Section 3582(c) (limiting the court's authority "where the applicable guideline range "has subsequently been lowered by the Sentencing Commission." or upon motion of the Director of the Bureau of Prisons pursuant to a motion under Rule 35 of the Federal Rules of Criminal Procedure, see Blackwell, 81 F.3d at 947-948.) see *United States v. Griffin*, 524 F.3d 71, 83 (1st Cir. 2008); iii) authorized by Fed.R.Crim.P. 36, see *United States v. Daddino*, 5 F.3d 262, 264-265 (7th Cir. 1993); iv) or authorized pursuant to Title 28, United States Code, Section 2255.

In *United States v. Mercado Flores*, 872 F.3d 25, 28 (1st Cir. 2017), the First Circuit summarized the "bedrock" law on the finality of criminal sentences. When judgment of conviction is entered by a district court upon imposition of a sentence, that sentence is a final judgment. A final judgment may only be modified by the sentencing court in certain limited circumstances as established by statute. Therefore, besides the exceptions mentioned above, a defendant may only review a final judgment by direct appeal and or under collateral attack, pursuant to Title 28, United States Code, Section 2255. See *United States v. Mercado Flores*, 872 F.3d 25, 28 (1st Cir. 2017). Under collateral attack, pursuant to Title 28, United States Code, Section 2255, subparagraph (f) a defendant has a one (1) year period to file a motion to vacate. See Title 28, United States Code, Section 2255(f). On direct appeal, pursuant to Title 18, United States Code, Section 3742, "[a]

6

defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence . . . was imposed in violation of law . . . [or] as a result of an incorrect application of the sentencing guidelines." See Title 18, United States Code, Sections 3742(a) and (b). "[A] defendant's notice of appeal must be filed in the district court with 14 days after the entry or either the judgment or order being appeal." Fed.R.App.P. 4(b)(1)(A). "Compliance with the time limits set forth in Fed.R.App.P. 4(b) is mandatory. *United States v. Gonzalez-Rodriguez*, 777 F.3d 37, 40 (1st Cir. 2014). Even the Court of Appeals cannot enlarge the time to permit the filing of a notice of appeal. *Id*.; see Fed.R.App.P. 26(b). Therefore, "typically, once a pronounced sentence in a criminal case, becomes final and unappealable, it may not be modified." *United States v. Caraballo,* 552 F.3d 6, 9 (1st Cir. 2008).

## ARGUMENT

**I. Defendant's sentencing range under USSG §§2E1.1(a)(2) (RICO Conspiracy) and 2A1.1 (Cross Reference To First Degree Murder) has not been altered or reduced by the Fair Sentencing Act.**

The key question in determining whether a defendant is eligible under Section 404 of the First Step Act is whether the "statutory penalties" for a defendant's "violation of a Federal criminal statute" were modified by Section 2 or 3 of the Fair Sentencing Act. Thus, the court must consider whether the statutory penalties associated with the defendant's violation of a federal criminal statute would have been different had Sections 2 and 3 of the Fair Sentencing Act been in effect. A defendant therefore may be eligible even if he was convicted under a statute other than those directly amended by Sections 2 and 3 of the Fair Sentencing Act. For example, a defendant may be eligible if he was convicted of a cocaine-base offense under 21 U.S.C. § 846 (attempt and

conspiracy), so long as the quantity of cocaine base involved in the offense would no longer support the same statutory penalty range.

The same is true of a defendant convicted under RICO, provided that the defendant's statutory maximum was increased to life as a result of a racketeering activity involving cocaine base that would no longer carry a maximum penalty of life imprisonment. Just as the statutory penalties associated with a violation of Section 846 were "modified by" the Fair Sentencing Act, so too were the statutory penalties associated with certain violations of RICO.

Defendant was convicted and sentenced only under 18 U.S.C. §§ 1962(d). The statutes that were amended by the FSA 2010 and First Step Act 2018 had no role in the sentence imposed in his case. Moreover, Defendant's guideline calculation and sentence were driven by a cross reference of first degree murder pursuant to section §2A1.1 of the United States Sentencing Guidelines. In short, there is no legal basis for any reduction in Defendant's term of imprisonment.

In this case, the underlying offenses were possession of controlled substance with intent to distribute under §2D1.1 and murder, which is controlled by guideline section §2A1.1. ECF No. 4157, at 53-54. The guideline for a violation of Title 18, U.S.C. § 1962(d) is USSG §2E1.1. Pursuant to §§2E1.1(a)(2) and 2A1.1 (First Degree Murder) was referenced when determining the offense level. *Id.* at 54. Thus, after the application of the above-mentioned guideline, Defendant's base offense level was of 43. See, USSG §§2E1.1(a)(2) and 2A1.1(a).

Pursuant to law, § 3582(c)(2) only applies to an individual who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." That is not the case here. Defendant did not receive a sentence based on the crack-cocaine guidelines; instead, he was sentenced under the cross reference of §2E1.1 of the USSG (First Degree Murder), which establishes the offense level applicable if one or more of the

underlying racketeering activity involves first degree murder. ECF No. 2967, at 53. Therefore, the remedies under Title 18, *United States Code*, section 3582(c)(2) are not available for Defendant.

Furthermore, the sentence imposed by the Court took into consideration among other things, Defendant's circumstances and personal characteristics as well as his participation in the criminal enterprise. Pursuant to the statement of facts that is part of his plea agreement, Defendant admitted that he acted as the main leader, enforcer and supplier of La Rompe Onu. He further admitted that this was a violent criminal enterprise that controlled multiple drug distribution points within different areas of San Juan, Carolina and Trujillo Alto. As the main leader he directly supervised the operations of the drug points, received the proceeds from the distribution of narcotics sold during the span of his leadership in the conspiracy and was in charge of maintaining control of all the drug distribution activities. He also had final approval authority as to the discipline to be imposed upon members of the conspiracy, as well as its enemies and rivals. As an enforcer, Defendant directly participated in violent acts that resulted in the murder of other members of La Rompe Onu and rival gang members.

In support of his motion, Defendant cited two different cases that rather than supporting his claim, they *uniformly* counsel against relief. None of the cases resembles the circumstances and the factual basis of Defendant's case. The underlying offense of the racketeering activity charged in the cases Defendant cited in his motion was the trafficking of cocaine base. Specifically, In *United States v. Walker,* 5:95-CR-00101(NAM), Docket No. 620 (N.D.N.Y., Oct. 25, 2019)3(statutory minimum sentence predicated on cocaine base amount in charge for continuing

---

3 The defendant erroneously states in his motion that this is a Supreme Court's decision. See ECF No 4157, at 7.

criminal enterprise involving narcotics pursuant to Title 21 U.S.C. § 848 (b)) In *United States v. Maupin,* No. 19-6817, 3:04-cr-00047-NKM-18 (4th Cir. Sept. 9, 2019) (statutory-maximum penalty for defendant's RICO offense was set by reference to cocaine-base-trafficking racketeering activity, and the government conceded that it did not preserve its argument against reduction of sentence based on the Court's exercise of discretion).

**II.     Since Defendant's does not qualify for a reduction under Title 18,** ***United States Code****,* **section 3582(c)(2), the Court lacks of jurisdiction to amend or alter the sentence imposed.**

At the time of the filing of Defendant's motion requesting a reduction of his sentence, approximately three (3) years had elapsed since its final judgment. However, "final judgment may only be modified by the sentencing court in certain limited circumstances as established by statute." See *United States v. Mercado Flores*, 872 F.3d 25, 28 (1st Cir. 2017). A "court is authorized to modify a defendant's sentence only in specific instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Moreover, the time limits provided by the statutes are jurisdictional in nature and their compliance are mandatory. See *United States v. Gonzalez-Rodriguez*, 777 F.3d 37, 40 (1st Cir. 2014). In this case, Defendant had other legal remedies to review his final judgment, perhaps under direct appeal and or collateral attack, within the time limits established by law. A defendant may only review a final judgment by direct appeal and or under collateral attack, pursuant to Title 28, United States Code, Section 2255. See *United States v. Mercado Flores*, 872 F.3d 25, 28 (1st Cir. 2017). However, the record shows that Defendant failed to do so.

In criminal cases, after the sentence becomes final, the district court also had no inherent authority to amend or modify the sentence. See *United States v. Hovsepian*, 307 F.3d 922, 927 (9th

Cir. 2002); *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996). Evidently, Defendant's motion lack of legal grounds to overcome this jurisdictional requirement.

In conclusion, since the remedies under Title 18, <u>United States Code</u>, section 3582(c)(2) are not available for Defendant the district court lacks of jurisdiction to amend or modify a the sentence at this point.

## **CONCLUSION**

Defendant's drug trafficking activity, though substantial, was not the basis for his sentence. His statutory provision of maximum term of imprisonment of life was based on Title 18 U.S.C. § 1962(d). ECF No. 4157, at 70.  His guideline sentencing range based on a total adjusted offense level of 40 and a criminal history category of III, was from 365 months of imprisonment to life. *Id.*  Thus, the defendant substantially benefited of the plea deal in which he received a 288 month-sentence. The PSR shows that the underlying drug trafficking activity, although one of the underlying activities under the RICO conspiracy, was not scored in the calculation of Defendant's sentencing guidelines due to the use of the murder cross reference under U.S.S.G. §2A1.1. The Court adopted these findings in determining Defendant's total adjusted offense level to be 40. Because the rationale and the sentencing guideline range used by the Court's at the time of sentence was unaffected by the statutory changes set forth in the Fair Sentencing Act 2010 or the First Step Act 2018, there is no basis for the Court to revisit Defendant's sentence. *See White*, 2019 WL 3719006 *27-28 (refusing to reduce sentence for RICO defendant who was found at sentencing to be responsible for murder).

**WHEREFORE**, the United States of America respectfully submits that the defendant is not eligible for a sentence reduction pursuant to Section 3582(c)(2) and Section 404 of the First

Step Act 2018, and respectfully requests that the Court DENY the Defendant's Motion To Reduce Sentence.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 20th day of May 2020.

        W. STEPHEN MULDROW
        United States Attorney

        */S/ Alberto R. Lopez Rocafort*
        Alberto R. Lopez-Rocafort
        Assistant United States Attorney
        USDC #220613
        United States Attorney's Office
        Chardón Tower, Suite 1201
        350 Carlos Chardón Street
        San Juan, Puerto Rico 00918
        Tel. (787) 766-5656

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the counsel(s) of record.

        */S/ Alberto R. Lopez Rocafort*
        AUSA Alberto R. Lopez-Rocafort
        Assistant United States Attorney