UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF PUERTO RICO

RECEIVED & FILED
2020 JUN 16 AM 8:38
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

Josue Vazquez-Carrasquillo
(Petitioner)

V.

United States of America
(Respondent)

Crim. No. 15-CR-462 (JAG)

## Petitioner's Response to the Gov't's Opposition "Answer/Brief"; Per FRAP Rule "5" Answer and Reply

Now Comes, Petitioner, Josue Vazquez-Carrasquillo, Pro Se, in the above captioned respectfully reply's per FRAP Rule "5" to the Gov't's opposition Brief; and as for the reasons thereof, Mr. Carrasquillo states the following:

The Gov't purposefully and incorrectly recategorize Petitioner's motion to a First Step Act or Fair Sentencing Act petition liberally, when in fact; Petitioner's motion clearly states the petition is clearly labeled "Pursuant to 18 U.S.C. 3582(c) concerning new laws (and language changes) for violations under 18 U.S.C. Sections 1962(d) and 1963 (and alike) "RICO Conspiracies and what now is determined a covered offense. Petitioner will address the; merited claims specifically in the Gov't falsely contrived responses that is extremely convient to create an arguments and claims never mentioned by Petitioner throughout his 15 page initial motion to proffer the ridiculous idea that this Court does not have jurisdiction to hear Petitioner's legal claims for relief.

(1)

In the Gov't's Answer, they do not challenge the claims made by Petitioner; and thus concede that Petitioner Rights are established such as:

1) Any claims of waiver for Petitioner to argue Constitutional harmful errors... (Class);

2) All negative "First Impressions" must now be removed as a matter of law on charges and enhancements outside of the covered offense itself;

3) Recent Supreme Court Rulings has infact changed the language pertaining to Actual or Relevant Conduct (Acts) outside the statue of conviction - "including enhancements";

4) The Court errored when not establishing a base offense level;

5) The Court adopted an incorrect PSR Report (and alike)

Of great legal consequences; the FRAP (or the law as a whole) does not give any party the ability (Including the Gov't) to redescribe another parties motion to fit the narrative of the opposing party. Period!!! It is very clear that because the Gov't had no real legal grounds to which they could stand behind, they did what only they believe was unthinkable and that was to change Petitioner's motion to something completely different then what the motion actually was classified as. The record is extremely clear, Petitioner's motion "IS NOT, NOR WAS IT INTENDED to BE A FIRST STEP ACT OF 2018 OR FSA".

Next, the Gov't cites the exact same laws (applicable) and rules cited in Petitioner's initial Motion. However, they decide to apply the law to the FSA, while adding unrelated case laws to Petitioner's case at bar. What's more; this Court does have Jurisdiction to adjudicate

(2)

Petitioner's Legal Claims For Relief, based on statue changes in the law that affects Petitioner's Guidelines Range. (See U.S. v. Gonzalez No. 15-3097-cr (2007) (already cited with many other case in Petitioner original motion.

## Gov't's False/Incorrect Argument(s)

I.) Petitioner was not sentenced pursuant to the Fair Sentencing Act, and thus the claims made by the Gov't (in they're Brief) is pointless once the court removes this false narrative; the change in the statue is clear, that under USSG §§ 2E1.1(a)(2) (RICO Conspiracy) and 2A1.1 (Murder) are now considered non-violent under (1) statue 1962(d), and must be removed.

Therefore; the charges (such as 2E1.1 and others) are affected pursuant to 3582(c)(2) because Petitioner's sentence would have been lowered by the sentencing Commission.... (and Petitioner's claims has nothing to do with the F.S.A Act).

II.) The Gov't claims Petitioner cites (two) cases that do not resemble Petitioner's case. However, this claim is insufficient once you correct the "First Negative Impression" continued on by the Gov't. Wherefore, the underlying offenses of Drugs (cocaine or crack) are again pointless because the change in the language deals with the charge itself and nothing to do with drugs, guns, murder and alike. This smoke screen offered here is developed to try and rewrite (or use a way back time machine) the new laws to fit an illegal sentence that clearly now "must" be corrected; and nothing in the Gov't's Answer/Brief can change this legal fact.

---

Footnotes (1): Other underlying offenses such as; 2D1.1 (and alike) also are affected per the new changes in the statue of convictions already cited in the Gov't's Brief.

(3)

## Conclusion

The Gov't's brief is not only incorrect; they even contradict their own legal position. Case in point; they first state that Petitioner was sentenced based on murder and within a RICO conspiracy. Then in they're conclusion statement, they start with; "Defendant's drug trafficking activity, though substantial, was not the basis for his sentence"....; and thus the claims made by the Gov't that, "His statutory provision of maximum life term based on Title 18 U.S.C. § 1962(d) is correct based on level 40 and Criminal History III is in fact NOT CORRECT AT ALL !!!

The Record is clear; with the new changes in the law, Petitioner faces a lesser range because maximum life range to start does not start at Level 40 category III; and the Gov't is fully aware of this change in the law. Again; falsely claim the First Step Act of 2018, does nothing but add unnecessary confusion to Petitioner's claims for relief here. Petitioner was never found (by a jury of his peers) to be responsible for any murder; and thus (Maupin) states such PSR findings are now illegal and cannot be utilized to enhance a persons Guidelines or 3553(a) factors alike. The Court then by adopting such findings (minus a Jury), adopted an incorrect PSR, while moving on First Impression -(negatively) applied outside the statue of conviction. The Base Level should not have started at Level 40-CH III; when the new changes in the law proves it could only start at Base Level 37 based on § 1962(d) (and alike).

Petitioner restates here, that his motion "CANNOT" as a matter of law; be reconstructed, recategorized or reframed to allow the Gov't to rewrite nor force the Court to not follow the rules under 3582(c)(2) statue. Period. Thus, the Gov't's false claims must not stand, and Petitioner should be granted his reduction downward to Level 34 and no more then (151 months) as a matter of law.

Dated: 1/06, 2020

Respectfully Submitted,
Josue Vazquez
Josue Vazquez-Carrasquillo, Prose
Fed # 48909-069
LSCI Allenwood-Low / Box 1000
White Deer, PA 17007

## AFFIDAVIT

I Hereby Certify that the foregoing facts are true and correct to the best of my knowledge and belief under penalty of perjury as per 28 USC Section 1746.

_Josue Vazquez_
JOSUE VAZQUEZ-CARRASQUILLO, PRO SE

## CERTIFICATE OF SERVICE

I Hereby Certify that a copy of the foregoing Petition/Motion was mailed on this __1__ day of __06__, 2020, by First Class Mail, postage prepaid to:

Office of the US Attorney / Puerto Rico
Alberto R. Lopez-Rocafort
Torre Chardon Suite 1201
350 Chardon Ave
San Juan, PR 00918

_Josue Vazquez_
JOSUE VAZQUEZ-CARRASQUILLO, PRO SE